UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE WALKER,

                     Plaintiff,

v.

JOSEPH BELLNIER, Deputy Comm'r; DONALD
UHLER, Superintendent, Upstate Corr. Fac.; PAUL
P. WOODRUFF, Deputy Superintendent of Sec.,
Upstate Corr. Fac.; JOANNE FITCHETTE, Deputy
Superintendent of Programs, Upstate Corr. Fac.; and
MELISSA A. COOK, Offender Rehab. Coordinator,
Upstate Corr. Fac.,

                     Defendants.
_____

9:17-CV-1008
(GTS/CFH)

APPEARANCES:

TYRONE WALKER, 94-A-5258
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. LETITIA A. JAMES
New York State Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

OF COUNSEL:

MATTHEW P. REED, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Tyronne Walker ("Plaintiff") against the five above-captioned employees of the New York State Department of Corrections and Community Supervision or "DOCCS" ("Defendants"), are (1) Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim, (2)

United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendants' motion be denied, (3) Plaintiff's Objections to the Report-Recommendation, and (4) Plaintiff's second motion to suspend DOCCS' Court-Order requirement for copies. (Dkt. Nos. 14, 18, 21, 22.) For the reasons set forth below, Magistrate Hummel's Report-Recommendation is accepted and adopted, Defendant's motion to dismiss is denied, and Plaintiff's second motion to suspend DOCCS' Court-Order requirement for copies is denied without prejudice.

I.      RELEVANT BACKGROUND

Generally, Plaintiff's Amended Complaint claims that Defendants violated his due process rights under the Fourteenth Amendment by failing to regularly, impartially and meaningfully conduct periodic reviews of his administrative segregation ("ad-seg") status. (Dkt. No. 8.)

Generally, in his Report-Recommendation, Magistrate Judge Hummel recommended that the Court deny Defendants' motion to dismiss Plaintiff's Amended Complaint, because (1) Defendants' procedural-due-process argument is without merit, and (2) Defendants' lack-of-personal-involvement argument with regard to Defendants Uhler, Woodruff, Fitchette and Cook is also without merit. (Dkt. No. 18, at 13-22.)

Generally, in his Objections, Plaintiff asserts five arguments: (1) he was denied timely ad-seg reviews; (2) his ad-seg reviews were rote, perfunctory and fraudulent; (3) Defendants are not entitled to qualified immunity; (4) Defendants' motion to dismiss should have been converted to one for summary judgment, because Plaintiff requested such a conversion in his opposition to Defendants' motion; and (5) Plaintiff's motion to amend and supplement his Amended Complaint should have been granted by Magistrate Judge Hummel. (Dkt. No. 21.)

2

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte*

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

For the sake of argument, the Court will assume that Plaintiff's Objections contain challenges to the Report-Recommendation sufficient to trigger a *de novo* review. *See, supra,* Part II of this Decision and Order. This is highly questionable for two reasons: (1) two of Plaintiff's challenges were repetitions of arguments made in his opposition to Defendants' motion (*compare* Dkt. No. 16, Arguments "1" and "2," *with* Dkt. No. 21, Points "1" and "2"); and (2) Plaintiff's Objections ultimately request that the Court do what Magistrate Judge Hummel recommends in his Report-Recommendation (i.e., deny Defendants' motion).

In any event, even reviewing the Report-Recommendation *de novo*, the Court can find no error: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only two brief points.

---

*v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

First, while Plaintiff is correct that he indeed previously requested (in his opposition to Defendants' motion) that the Court convert Defendants' motion to dismiss to one for summary judgment, he is mistaken that such a fact entitles him to any relief not already provided for by the Report-Recommendation and this Decision and Order. This is because a court retains discretion to deny such a request, especially where (as here) no discovery has yet occurred, and the court is not persuaded that the exhibits presented by the non-movant constitute an adequate record upon which to grant summary judgment.[5]

Second, because Plaintiff's final argument consists of a challenge to Magistrate Judge Hummel's Order denying his motion to amend, that challenge is not governed by the deadline for an Objection to a Report-Recommendation (and the Court's extension of that deadline) but the fourteen-day deadline for appeals from non-dispositive orders of magistrate judges. N.D.N.Y. L.R. 72.1(b). Here, Plaintiff's challenge is untimely. In the alternative, the Court finds that Magistrate Judge Hummel's Order is not clearly erroneous. Among other things, Plaintiff still has not provided a copy of his proposed amended and supplemental pleading.

Finally, as for Plaintiff's second motion to suspend DOCCS' Court-Order requirement for copies, that motion is denied without prejudice for two of the reasons that his first such motion was denied: (1) the relief that Plaintiff requests from the referenced requirement is

---

[5] The Court notes that (as Plaintiff acknowledges) he never cross-moved for summary judgement. (Dkt. No. 21, at 21 [attaching page "17" of Plf.'s Objections].) As a result, even if the Court had converted Defendants' motion to dismiss to one for summary judgment, in order to grant judgment for Plaintiff, it would have had to (1) give Defendants notice of both conversion and the possibility of judgment being entered against them, (2) assess whether adequate discovery had occurred and, if not, then assure that adequate discovery occurred, (3) either sift through the record at its own peril or direct the parties to submit Rule 7.1 Statements and Response, and (4) find the absence of proof of a genuine dispute of material fact in Plaintiff's favor. The Court finds no reason to believe that either it or Magistrate Judge Hummel would have done any of these things.

unrelated to claims pending in this action (none of which regard the denial of his First Amendment right of access to the courts), *see Allen v. Brown*, 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (Pooler, J.); and (2) any appeal to the Second Circuit would appear premature in that the Order appealed from is not final and has not been certified pursuant to Fed. R. Civ. P. 54(b), *see Leonhard v. U.S.*, 633 F.2d 599, 610 (2d Cir. 1980). The Court would add only that Plaintiff's ability to litigate this action does not appear to be hampered: the papers that he submitted as part of his "Objections" were, by and large, unnecessary in that his "Objections" do not actually challenge the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Amended Complaint (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Plaintiff's second motion to suspend DOCCS' Court-Order requirement for copies (Dkt. No. 22) is **DENIED without prejudice**; and it is further

**ORDERED** that Defendants file an answer to the Plaintiff's Amended Complaint (Dkt. No. 8) within 14 days of the date of this Decision and Order pursuant to Fed.R.Civ.P. Rule 12(a)(4)(A), and this case is referred back to Magistrate Judge Hummel for the setting of pretrial scheduling deadlines.

Dated: March 22, 2019
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge