UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE WALKER,

                          Plaintiff,

      v.                                                9:17-CV-1008
                                                                        (GTS/CFH)

JOSEPH BELLNIER, et al.

                          Defendants.
_____

APPEARANCES:

TYRONE WALKER
94-A-5258
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                                      LYNN MARIE KNAPP, ESQ.
New York State Attorney General - Albany        Asst. Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Pro se plaintiff Tyrone Walker ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 31 ("Am. Compl."). Plaintiff contends that Defendants Deputy Commissioner Joseph Bellnier ("Bellnier"), Superintendent Donald Uhler ("Uhler"), Deputy Superintendent of

Security Paul P. Woodruff ("Woodruff"), Deputy Superintendent of Programs Joanne Fitchette ("Fitchette"), Offender Rehabilitator Coordinator Melissa A. Cook ("Cook"), and James A. O'Gorman ("O'Gorman") violated his constitutional rights under the Fourteenth Amendment during periodic reviews of his administrative segregation status.  *See id.*

Presently before the Court is Plaintiff's motion for preliminary injunctive relief.  Dkt. No. 53.  Defendants oppose the motion.  Dkt. No. 56.

## II.   PROCEDURAL HISTORY

On September 11, 2017, with the filing of his original Complaint, Plaintiff filed a motion for a preliminary injunction seeking an order directing defendants to transfer him to the general population.  *See* Dkt. No. 4 at 10.  In the alternative, Plaintiff sought an Order directing defendants to provide him with the following: daily access to the telephone; personal clothes; four hours of recreation per day; a chin-up bar; a basketball and hoop; a television; full commissary privileges; permission to participate in programming including the family reunion program; a typewriter; an extra visit each week; five showers per week; a tape with pre-recorded Muslim services; a cold diet; and a front cuff order without waist chains/shackles; and adequate medical care.  *See id.* at 10-11.

In a Decision and Order filed on November 3, 2017 (the "November 2017 Order"), the Court denied Plaintiff's motion concluding that Plaintiff, "fails to demonstrate with evidence in admissible form a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor." Dkt. No. 5 at 26.  Additionally, the Court noted that, "since defendants have not yet answered, and, indeed, have not even been served in the action, the Court cannot ascertain

2

Plaintiff's likelihood of success." *Id*.

On February 25, 2019, Plaintiff filed a motion for an order directing DOCCS to suspend its Court-Order requirement. Dkt. No. 19. In an Order filed on February 26, 2019 (the "February 2019 Order"), the Court denied the motion holding, *inter alia*, "the relief that Plaintiff requests from the referenced requirement is unrelated to claims pending in this action (none of which regard First Amendment access to court)[.]" Dkt. No. 20 (citation omitted).

On March 14, 2019, Plaintiff filed a second motion seeking an order directing DOCCS to suspend its Court-Order requirement. Dkt. No. 22. In a Decision and Order dated March 22, 2019 (the "March 2019 Order"), the Court denied the motion, without prejudice, reiterating that the relief Plaintiff requests is unrelated to claims pending in this action. Dkt. No. 23 at 6. Additionally, the Court reasoned, "[t]he Court would add only that Plaintiff's ability to litigate this action does not appear to be hampered[.]" *Id*. at 7.

Now, Plaintiff moves for an order directing "the Defendants [ ] to provide Plaintiff [with] his legal copies as long as it pertains to this active case." Dkt. No. 53 at 7. Plaintiff argues that Fitchette implemented a policy that has deprived Plaintiff of the documents necessary to litigate this case and, thus, has violated his First Amendment right to access the courts. *Id*. at 4.

## III.    MOTION FOR PRELIMINARY INJUNCTION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v.*

3

*Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511. To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand) v. Aspen Research Group, Ltd.*, 437 Fed. App'x 57 58 (2d Cir. 2011) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d Cir. 2009)); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation

of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)).  A finding of irreparable harm cannot be based solely on past conduct.  *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff claims that Fitchette implemented a policy that required Plaintiff to provide a Court-Order before he could receive copies of his legal work.  Dkt. No. 53 at 2.  However, even when presented with a Court-Order, Fitchette continued to deny Plaintiff copies of his

work. *Id*. In October 2019, Plaintiff sent an envelope, with legal documents related to this action, to the law library for copies. *Id*. at 3. The envelope included Plaintiff's discovery 0rder, the discovery deadline extension, and the report-recommendation and order "as proof." *Id*. On October 9, 2019, the "regular law library officer" told Plaintiff that Fitchette retired however, the officer advised that Fitchette "made sure her policy remain[ed] in place." Dkt. No. 53 at 3. Accordingly, the officer would not provide Plaintiff with copies of his legal work. *Id.* at 4. As a result, Plaintiff claims that the officer acted "unprofessionally" and denied him access to the courts. *Id*.

As discussed *supra*, the named defendants are Bellnier, Uhler, Woodruff, Fitchette, Cook, and O'Gorman. To the extent that Plaintiff seeks injunctive relief against entities that are not defendants in this action injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the Court could provide relief with respect to the alleged wrongdoing, Plaintiff has not made any showing that he will suffer "irreparable harm" or an injury that is neither remote nor speculative should the motion not be granted. Past allegations of misconduct, standing alone, are insufficient to support a finding of irreparable harm. With respect to the October 2019 incidents, Plaintiff has not identified what copies or legal documents have not

6

been provided and has not articulated any harm that he has suffered.  As stated in the March 2019 Order, Plaintiff has been able to effectively litigate this action.  In fact, after Plaintiff filed this motion, he filed a motion to compel (Dkt. No. 54), participated in a telephone conference and discovery hearing (Dkt. No. 59), and filed a letter with the Court seeking copies of caselaw (Dkt. No. 60).

Finally, the Court notes that Plaintiff's current submission suffers from the same infirmities as his prior motions because the claims asserted in the motion are unrelated to the underlying claims.  In the operative pleading, Plaintiff asserts Fourteenth Amendment claims related his administrative segregation status.  *See generally,* Am. Compl.  In the present motion, Plaintiff alleges facts related to alleged violations of his First Amendment right to access the courts and the refusal to provide copies of his legal work.  Thus, Plaintiff cannot establish a likelihood of success on the merits and Plaintiff's request for relief is denied.  *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

For the reasons set forth herein, and in the February 2019 Order and March 2019 Order, Plaintiff's motion for a preliminary injunction is denied.[1]

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 53) is **DENIED**;

---

[1] Plaintiff is free to pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.

and it is further

      **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated: December 16, 2019
      Syracuse, New York

                                              Hon. Glenn T. Suddaby
                                              Chief U.S. District Judge