UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

TYRONE WALKER,                                        *

                              Plaintiff,             *

                    -v-    17-cv-1008                 *

JOSEPH BELLNIER, et al.,                              *

                              Defendants.             *

**************************************************


                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE CHRISTIAN F. HUMMEL
                      January 23, 2020
              445 Broadway, Albany, New York


FOR THE PLAINTIFF:

TYRONE WALKER, Pro Se - Via Teleconference
Upstate Correctional Facility
P.O. Box 2001
Malone, New York  12953


FOR THE DEFENDANTS:

NEW YORK STATE ATTORNEY GENERAL'S OFFICE
BY:  Lynn Knapp, AAG
The Capitol
Albany, New York   12224

1          COURT CLERK:  The case is Walker versus
2     Bellnier, et al., docket number 17-cv-1008.
3          Appearances for the record, please.
4          MS. KNAPP:  Good morning, your Honor.  I'm
5     Assistant Attorney General Lynn Knapp.  I'm here this
6     morning on behalf of the defendants.
7          THE COURT:  Good morning, Ms. Knapp.
8          MR. WALKER:  Tyrone Walker, the plaintiff.
9          THE COURT:  Good morning, Mr. Walker.
10          The Court scheduled this conference this
11     morning to address Docket No. 54, which is a motion
12     filed by Mr. Walker seeking, among other things, to
13     compel further responses to various discovery demands
14     served upon defendants, and to reflect that Mr. Walker
15     does not consent to the jurisdiction of the magistrate
16     judge in this matter.  That motion was filed on
17     November 7th, 2019.
18          In that motion, Mr. Walker seeks additional
19     responses to interrogatories, his second set of
20     admission, and his request for production of documents.
21          In his motion of November 7th, 2019,
22     Mr. Walker references the arguments raised in his
23     September 9th of 2019 motion to compel at the time that
24     this motion was filed.  The Court had not as yet
25     rendered a decision with respect to his September 9th,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    2019, motion to compel.

2          In the interim, since this motion was to be

3    filed, the Court has in fact rendered a decision with

4    respect to the September 9th, 2019, motion to compel.

5    At present time, Mr. Walker has filed objections to that

6    decision, which are pending before Chief United States

7    District Court Judge Suddaby, and the defendants have

8    filed a response to that appeal.

9          Docket No. 55 is Ms. Knapp's response to

10   Mr. Walker's November 7th, 2019, motion to compel.  In

11   that response, Ms. Knapp incorporated by reference the

12   opposition which was filed to his earlier motion to

13   compel, which was filed on or about September 9th of

14   2019.

15          Mr. Walker and Ms. Knapp, it's my intention to

16   go through each of these voluminous requests, one at a

17   time, giving each party an opportunity to be heard where

18   necessary and to render a decision with respect to the

19   pending motion.  I'll then have a copy of today's

20   transcript prepared, when our court reporter has time,

21   and prepare an order and I will annex the transcript of

22   today's proceeding to that order and incorporate it by

23   reference.

24          Mr. Walker, sir, just as a preliminary matter,

25   I think you and I addressed this on the occasion that we

1    were last together with respect to your prior motion to

2    compel but with respect to the issue of magistrate

3    jurisdiction, I believe I explained to you that in fact

4    there has been no consent by either you or Ms. Knapp to

5    magistrate jurisdiction and, in fact, to the extent that

6    I render any decision, you have the right to seek review

7    of that decision in front of the District Court judge.

8           Do you recall that conversation, Mr. Walker,

9    sir?

10          MR. WALKER:  Yes.

11          THE COURT:  Mr. Walker, sir, I apologize.  I

12   can barely hear you.

13          MR. WALKER:  Yes.

14          THE COURT:  Okay.  So you understand,

15   Mr. Walker, sir, that no one is contending you consented

16   to magistrate judge jurisdiction but, rather, to the

17   extent I render a decision today which you or Ms. Knapp

18   or both of you are unhappy with, you can certainly

19   proceed, as you did in an earlier case, and file an

20   appeal of that magistrate decision to Chief Judge

21   Suddaby.  Do you understand that, sir?

22          MR. WALKER:  Yes.

23          THE COURT:  Okay.  The first item in dispute --

24   if I can just back up momentarily.

25          I would note that when Mr. Walker filed his

1    motion to compel on November 7th of 2019 he did not

2    annex copies of the disputed interrogatories, request

3    the production of documents or notice to admit.  I have

4    obtained copies of those responses, as well as

5    Mr. Walker's demands, directly from Ms. Knapp through a

6    conversation which she had with Ms. Burtt of my office.

7            Mr. Walker, sir, do you have in front of

8    you -- if we start with your request for production of

9    documents, sir, do you have those?

10            MR. WALKER:  Yes.

11            THE COURT:  All right.  I have requested

12    production of documents.  The first of which is

13    addressed to Donald Uhler.  Mr. Walker's request is

14    dated September 9th, 2019, and Ms. Knapp's response is

15    dated October 9th, 2019.

16            Mr. Walker, sir, with respect to the

17    document -- excuse me -- the response to your request

18    for production of documents directed to Donald Uhler,

19    which, if any, of those responses do you contend are

20    insufficient?

21            MR. WALKER:  A lot.

22            THE COURT:  In other words, Mr. Walker, you

23    filed this motion to compel but you did not go through

24    each and every request for production of documents and

25    indicate which you thought were adequate and which you

1    thought were inadequate.  So in order to address those

2    issues, I need to know specifically which of those

3    requests you have an objection to, which of those

4    responses you have an objection to.  I apologize.

5                MR. WALKER:  As to photo number three.

6                THE COURT:  So, we are going to begin,

7    Mr. Walker, just bear with me.  So with respect for

8    production for document of No.. 1, you have no objection

9    to Ms. Knapp's response and request to No. 2 you have no

10   objections; is that correct?

11               MR. WALKER:  Correct.

12               THE COURT:  All right.  No. 3 reads as

13   follows:  Defendant Donald Uhler produce and permit to

14   inspect, view and copy a picture of the plaintiff's

15   most-recent institutional photo of his face, the whole

16   front view for 2019 with no glasses on.

17               Ms. Knapp has responded that defendants object

18   to this request because color photographs are not in the

19   possession, custody or control and DOCCS cannot provide

20   such photographs to inmates for reasons of safety and

21   security.

22               What's your objection, Mr. Walker, sir, and

23   why is that a proper subject of discovery under Rule 26?

24               MR. WALKER:  Judge, well, dealing with myself

25   in terms of a lot of health issues and I've aged over

1    19 years, so these are factors that play in regard to

2    whether I should be detained in SHU, so, therefore, I

3    want a clear photograph because a photo is available.

4    They have a direct dealing with the photos and a digital

5    photo, so they have that and it's not a security issue

6    because they have the photo.

7            THE COURT:  Just because they have them,

8    Mr. Walker, doesn't mean it's not a security issue but,

9    Ms. Knapp, I'm not certain I understand why giving him a

10   copy of his own picture is a security issue.

11           MS. KNAPP:  Yes, your Honor.  When I inquired

12   about that, it's not just giving him a copy of his photo

13   but it's the color copy of his photo that presents the

14   safety and security issue because apparently they are

15   then, on occasion, used to make forms up, fake I.D.s and

16   for other reasons.  So they don't release color copies

17   of the photo.

18           THE COURT:  Do they have black and white

19   photos?

20           MS. KNAPP:  He's been given a black and white

21   copy.

22           THE COURT:  Mr. Walker, sir, do you have a

23   black and white copy of your photo?

24           MR. WALKER:  Actually not one with my whole

25   front view.  I got one with my side, with -- with

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    glasses on.  I had requested one without the glasses on.

2            THE COURT:  Have they recently taken a picture

3    of you without your glasses on, Mr. Walker?

4            MR. WALKER:  Yes, they do.  And -- and in

5    fact, one that I was provided with with the glasses on

6    has one, a real small one where you can't really see

7    because it's black and white and it's real small.

8            THE COURT:  Mr. Walker, I'm going to direct

9    that they provide you with a copy of a black and white

10   photo depicting you without your glasses on.

11           MR. WALKER:  Yes.  The front view.

12           THE COURT:  Mr. Walker, I just agreed with

13   you, sir.

14           MR. WALKER:  All right.

15           THE COURT:  Thank you.  What is the next one

16   you object to?

17           MR. WALKER:  I would like No. 6, which is

18   pertaining to the visiting room, the storage documents

19   related to the plaintiff in and out of the property to

20   the visiting room in February and when it was retrieved

21   in April.

22           THE COURT:  So, request No. 6 reads as

23   follows:  Defendant Donald Uhler produce and permit to

24   inspect, view and copy plaintiff's visiting room and

25   storage documents in relation to plaintiff sending his

1   property to the visiting room in February and when it

2   was retrieved in April of 2017.

3           What does that have to do, Mr. Walker, sir,

4   with the issues raised in your complaint?

5           MR. WALKER:  Okay.  Now, I asked for that

6   view, it states that I wanted to assault the deputy

7   superintendent of security, Paul Woodruff, because he

8   wouldn't let me send my property out.  Meanwhile, the

9   fact is, the documents show that -- that he did allow me

10  to send my property out on -- in February, and it went

11  in the visiting room in February, and my people forgot

12  to take it with them, and then he extended the courtesy

13  to me and didn't let them destroy it according to the

14  14-day rule that they had, and then the next time, the

15  administration let my people came to visit and it took

16  over three months and ultimately, my property went out,

17  it was because of Deputy Superintendent of Security

18  Woodruff extending the courtesy to me to go to the

19  visiting room, wouldn't destroy according to the policy,

20  which completely contradicts and expose the fallacy of

21  me wanting to assault the deputy superintendent because

22  I wasn't sent out my property.

23          THE COURT:  Ms. Knapp, in her answer, has

24  indicated that they would make an effort to locate any

25  such documents, and if they locate and obtain such

1    documents, they will provide them to you within the

2    scope of discovery under the Federal Rules of Civil

3    Procedure.

4            Ms. Knapp, have you located any such

5    documents?

6            MS. KNAPP:  I believe any responsive

7    documents, your Honor, have been provided to Mr. Walker

8    already.

9            THE COURT:  Mr. Walker, sir, they're saying

10   they don't have any additional documents beyond what

11   they've given to you.

12           MR. WALKER:  Well, they -- well, they -- they

13   never gave me the visiting room showing that my visitors

14   came during this time period 'cause, I never received

15   that, and I never received the -- the date in which

16   my -- my property was packed up out of storage in

17   February and sent out to the visiting room.

18           THE COURT:  I'm going to direct that Ms. Knapp

19   make a search and to the extent she has any such

20   documents, I'm going to direct they be provided to you.

21           What's your next objection, Mr. Walker?

22           MR. WALKER:  One second.

23           THE COURT:  Sure.  Take your time.

24           MR. WALKER:  No. 13.

25           THE COURT:  Mr. Walker, just bear with me,

1    sir, while I find No. 13.  All right?

2            No. 13 reads:  Defendant Donald Uhler produce

3    and permit to inspect, copy and view any and all time

4    cuts plaintiff received from superintendent and deputy

5    superintendent while he existed at the Clinton

6    Correctional Facility.

7            Ms. Knapp then sets forth an objection and

8    then adds, notwithstanding said objections, however, a

9    good faith effort is being made to locate said

10   documents.  If and when said documents are located and

11   obtained, and if such documents are within the scope of

12   discovery under the Federal Rules of Civil Procedure,

13   copies of same will be provided to plaintiff at a future

14   date.

15           Ms. Knapp, have you had any success in

16   locating such documents?

17           MS. KNAPP:  Again, your Honor, I believe we

18   provided Mr. Walker with any responsive documents.

19           THE COURT:  Mr. Walker, sir, did you receive

20   any documents which are responsive to interrogatory

21   No. 13?

22           MR. WALKER:  No.

23           THE COURT:  I'm going to direct that Ms. Knapp

24   again reach out to the folks at DOCCS, particularly to

25   Mr. Uhler, to see if there's such documents.  If there

1    are, they be provided to Mr. Walker.  If there are no

2    such documents, that she state that DOCCS has been

3    unable to locate such documents.

4              What's next, Mr. Walker?

5              MR. WALKER:  14.  That deals with same thing

6    in terms of visiting -- the visiting room list because

7    that shows that the visitors came up in February and

8    then they came up in March and then they came up in

9    April and the property wasn't released until April.

10             THE COURT:  No. 14 reads:  Defendant Donald

11   Uhler produce and permit to inspect, copy and view

12   plaintiff's complete visitation lists from 2008 to 2019.

13   I'm hard pressed to understand, Mr. Walker, why the

14   visitor list for an 11-year period of time --

15             MR. WALKER:  Actually, it's not 11-year period

16   of time.

17             THE COURT:  Well, math isn't my forte but 2008

18   to 2019 is 11 years I believe.

19             MR. WALKER:  Yes, that's -- that's correct.

20   You -- math is definitely your forte.

21             THE COURT:  Thank you.

22             MR. WALKER:  What I meant was that I don't

23   need it to 2008.  I only need it until 2014 when I began

24   ad seg.

25             THE COURT:  What you're looking for,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    Mr. Walker, if I understand you now, is from 2014 up

2    until 2019; is that correct?

3              MR. WALKER:  Yes, it's 2020 right now because

4    I just went on a visit and -- but I needed mainly for

5    that -- the period in which I sent out my property in

6    which they claim that I wanted to assault the deputy of

7    security because I couldn't send out my property.

8              THE COURT:  Ms. Knapp, you can anticipate the

9    question I'm going to ask you.  Have you made an effort

10   to see if those documents have been located?

11             MS. KNAPP:  Yes, your Honor.  I believe we

12   have given him everything that's responsive, and we did

13   assert also this was overly broad because --

14             THE COURT:  He's now limited it pretty

15   dramatically.

16             Ms. Knapp:  Yes, but everything that we have

17   had I believe we have given to Mr. Walker.

18             THE COURT:  I'm going to direct that Ms. Knapp

19   check with her folks, Mr. Waker, to make certain they

20   have given you everything.  To the extent there are

21   additional documents, they be provided to you.

22             MR. WALKER:  Yeah, I have a old copy of my

23   visiting list that -- that -- that includes all 2008,

24   that's why I don't need that but more relevant time

25   during an ad seg is based on that situation that I just

1    spoke of.

2            THE COURT:  Your ad seg situation I believe is

3    from 2014 to 2020; is that correct?

4            MR. WALKER:  Exactly.

5            THE COURT:  Okay.

6            MR. WALKER:  Visiting room list is a regular

7    standard data that the BOP has.

8            THE COURT:  What's next, Mr. Walker?

9            MR. WALKER:  Defendant -- 15.

10           THE COURT:  Defendant Donald Uhler produce and

11   permit to inspect, copy and view any and all deprivation

12   orders plaintiff received while at Upstate Correctional

13   Facility.

14           My recollection, Mr. Walker, sir, is that

15   Mr. Uhler was at the Clinton Correctional Facility, he's

16   not at Upstate.  Am I incorrect on that?

17           MR. WALKER:  Donald Uhler is at Upstate and is

18   the superintendent of Clinton right now.  When he was a

19   captain when he was in Clinton.

20           THE COURT:  Mr. Walker, sir, I apologize.

21   Perhaps I wasn't clear.  In your request for documents

22   it reads Defendant Donald Uhler produce and permit to

23   inspect, copy and view any and all deprivation orders

24   plaintiff received while at Upstate Correctional

25   Facility.

1          My only question, Mr. Walker, is -- and you

2   certainly have more knowledge of this than I would -- I

3   don't believe Mr. Uhler was ever at the Upstate

4   Correctional Facility.  Am I incorrect in that?

5          MR. WALKER:  Yes, it's incorrect.  He's the

6   superintendent at Upstate Correctional Facility.

7          THE COURT:  Mr. Walker, I haven't spent that

8   much time at Upstate Correctional so I didn't know he

9   was the superintendent there.  So at some period of time

10  before coming to the Clinton Correctional Facility,

11  Mr. Uhler was the superintendent at the Upstate

12  Correctional Facility?

13         MR. WALKER:  He's currently the superintendent

14  of Upstate Correctional Facility.

15         THE COURT:  Again, Mr. Walker, sir, I don't

16  have that much contact with the folks at DOCCS;

17  certainly not as much as you do.  So I didn't know he

18  was a superintendent at Upstate.

19         MR. WALKER:  Right.

20         THE COURT:  So now we are all on the same

21  page, you indicated that after stating your objections

22  they would provide you with any such documents.

23         Ms. Knapp, have you found any such documents?

24         MS. KNAPP:  Your Honor, with regard to that

25  particular request, we did make an inquiry and I think

1    I'm pretty much sure we were told there were none, and

2    if there were any, I'm sure I produced it to him.

3           THE COURT:  There were no deprivation orders

4    or there were no such documents?

5           MS. KNAPP:  No deprivation orders.

6           THE COURT:  Mr. Walker, Ms. Knapp tells me

7    she's produced all the documents they have and there are

8    in fact no deprivation orders at Upstate Correctional

9    Facility.

10           MR. KNAPP:  Right.

11           THE COURT:  Okay.  What's your next objection?

12    I find the response to 15 to be adequate.

13           What's your next objection?

14           MR. WALKER:  All right.  16.

15           THE COURT:  They object to providing a

16    response to 16 and I agree.  Your request is overly

17    broad, burdensome, seeks information not relevant to

18    your litigation, and is not proportional to the needs of

19    the litigation.  It also involves security concerns when

20    you seek information regarding inmates' assault on

21    correctional staff.

22           I also note that the period encompasses almost

23    20 years, which is not a reasonable request.  As such, I

24    find their response to No. 16 to be adequate.  Your

25    request or your motion seeking a further response is

1    denied.

2           What's the next one, Mr. Walker?

3           MR. WALKER:  17.  17.

4           THE COURT:  Again, the Court reaches the same

5    conclusion it does with 17 as it did with 16.  The

6    request regarding the number of inmates who were

7    extracted from SHU during an almost 20-year period of

8    time is simply irrelevant to your claim.  It's overly

9    broad, it's burdensome, poses security risk, and

10   involves the personal privacy or other people, and it

11   goes to issues which are not the subject of this

12   litigation.  Your request for a further response to 17

13   is denied.

14          MR. WALKER:  18.

15          THE COURT:  The Court reaches the same

16   conclusion with respect to 18, 19, 20.

17          That brings us to -- what's your next

18   objection after 20, Mr. Walker?

19          MR. WALKER:  21.

20          THE COURT:  21 their response is they only

21   keep misbehavior reports for a ten-year period of time.

22   You're seeking a report from over 15 years ago and they

23   say it's been purged and they no longer have it.

24          What would you like me to do, Mr. Walker?

25          MR. WALKER:  Nothing.  If they don't have it,

1    they don't have it.

2              THE COURT:  Well, then I find their response

3    to be adequate that they specifically state misbehavior

4    report has been purged, since correctional facilities

5    only need to keep them for 10 years.

6              MR. WALKER:  Thank you.

7              THE COURT:  What's your next objection,

8    Mr. Walker?

9              MR. WALKER:  22.

10              THE COURT:  22 they indicated they have no

11   such documents.  They do not have copies of all the

12   Articles 78s which you filed since 2000 to 2019.

13              Given the fact that they have checked the

14   records, and they have no such record, I find their

15   response to be adequate.

16              What's your next objection, Mr. Walker?

17              MR. WALKER:  26.  26.

18              THE COURT:  The Court finds that their

19   response to 26 is adequate, and the Court finds that

20   your request is overly broad, burdensome, not

21   proportional to the information needed to conduct this

22   litigation.

23              The Court also finds that your request raises

24   security concerns regarding the administration

25   segregation status of inmates other than yourself.  The

1    issues set forming in your litigation relates to the way

2    in which you have been treated or, as you allege,

3    mistreated, and the manner in which other inmates whose

4    criminal history and institutional histories are

5    different than yours have been treated is irrelevant.

6              As such, your request for a further response

7    to 26 is denied.  What's next, Mr. Walker?

8              MR. WALKER:  28.

9              THE COURT:  28.  Defendant Donald Uhler

10   produce and permit to inspect and view a copy of

11   Upstate's written policy on the Plexiglas on the cell

12   door.  The defendants, among other things, indicate

13   they're making a good faith effort to locate that, and

14   if it's located and a proper subject of discovery under

15   the Federal Rules of Civil Procedure, it will be

16   produced.

17             Ms. Knapp, where do you stand with respect to

18   that?

19             MS. KNAPP:  Your Honor, I believe that policy

20   states within the directive and we have offered that to

21   him and he said in the past that he already had it.

22             THE COURT:  Thank you.  Ms. Knapp indicates

23   the only document they have that would contain that

24   information, Mr. Walker, sir, is set forth in the

25   directive.  Ms. Knapp indicated she believed you have a

1  copy of the directive she's referencing.  Is that true,

2  sir?

3          MR. WALKER:  Yes, I have a copy of the

4  directive, however, I don't believe that's the only

5  document.

6          THE COURT:  Well, DOCCS has indicated in their

7  response that that's the only document they have which

8  is responsive to your request.  Given the fact they have

9  represented that's all that they have, I find that to be

10  an adequate response.

11          MR. WALKER:  All right.

12          THE COURT:  That would bring us next,

13  Mr. Walker, to your request with directed to James

14  O'Gorman.

15          MR. WALKER:  I believe it's duplicate of

16  the --

17          THE COURT:  That was my sense, Mr. Walker, but

18  I wanted to give you a chance to be heard.  With respect

19  to Mr. Walker -- excuse me, Mr. O'Gorman, I would give

20  the same rulings with respect to each of your issues

21  that you have raised with respect to Mr. Uhler.

22          I'm going to direct that defendants respond to

23  the O'Gorman request in the same fashion I directed they

24  provide additional information regarding Mr. Uhler.

25          To the extent that I found their prior

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    responses to Mr. Uhler adequate, I find them adequate

2    with respect to Mr. O'Gorman, and to the extent that I

3    denied your request for additional documents with

4    respect to Mr. Uhler, I make the same ruling and for the

5    same reasons I set forth on the record with respect to

6    Mr. Uhler.

7            And, Mr. Walker, sir, the only two requests

8    for production of documents I have are related to Uhler

9    and O'Gorman.

10           That would seem then, Mr. Walker, to bring us

11   to the latest series of requests for admission that you

12   filed.  I would note for the record that the Court has

13   previously ruled on an excess of 600 requests for

14   admissions filed by Mr. Walker; that decision is

15   currently the subject of an appeal, which is Docket

16   No. 64, which is pending in front of Chief United States

17   District Court Judge Suddaby.

18           The Court would again note, as I noted in the

19   last decision and order, that notices to admit are

20   governed by Federal Rule of Civil Procedure 36(a)(4),

21   and as I noted earlier, requests for admissions are not

22   intended to be discovery devices like depositions or

23   requests to produce.  It's properly understood.

24   Therefore, your request to admit presupposed that the

25   party proceeding under it knows the facts or has the

1    document and really wishes its opponent to concede their

2    genuineness.  A party who desires to discover what the

3    facts are should resort to other discovery devices

4    rather than Rule 36.

5             As a result, requests for admissions are

6    required to be simple and direct and should promote the

7    overall function of narrowing the issues before the

8    Court at the time of trial.

9             The manifest purpose of Rule 36 is to provide

10   a means of fulfilling one of the mandates of Rule 1 of

11   the Federal Rules of Civil Procedure, to reduce the cost

12   of litigation by eliminating the necessity of proving

13   facts which are not a substantial dispute, to narrow the

14   scope of disputed issues, and to facilitate the

15   presentation of cases to the trier of fact.

16            In this regard, requests for admissions are

17   generally used on factual matters upon which there is no

18   real dispute or to request a termination concerning the

19   genuineness of particular records or procedures.

20            Recognizing that this procedure is subject to

21   abuse, courts have excused parties from responding to

22   requests for admissions that are not designed to

23   identify and eliminated matters in which the parties

24   agree but, rather, seek information relating to a

25   fundamental agreement which is at the heart of the

1  lawsuit.

2         With that preface, Mr. Walker, sir, we are

3  going to look first at the notice, your request for

4  notice to admissions directed to Joseph Bellnier.

5         Do you have those in front of you, Mr. Walker,

6  sir?

7         MR. WALKER:  Yes.  Yes, I have them in front

8  of me.

9         THE COURT:  That's good, Mr. Walker.  I was

10 just trying to organize things so I can proceed in what

11 appears to me to be a logical fashion.

12        With respect to the request for admissions

13 directed to the Defendant Joseph Bellnier, the Court

14 directs as follows:

15        The defendants are directed to provide a

16 further response to request for admissions No. 1 and 3.

17        The Court finds that the defendants have

18 provided an adequate answer to request for admissions

19 No. 6, 9, 11, 14 and 15.

20        With respect to requests for admissions No. 5,

21 16 and 17, that request is denied upon the grounds that

22 the request for admissions seek information upon which

23 there is a fundamental disagreement among the parties,

24 and the request for admission go to the heart of the

25 issue, excuse me, go to the issues which are at the

1  heart of this litigation.

2          With respect to request for admissions No. 2,

3  4, 7, 10, 12 and 13, those requests for admissions are

4  denied, as the Court finds that the request for

5  admissions seek information which are irrelevant.

6          With respect to interrogatories 2, 8, 10, 12

7  and 13, the Court finds that a further response is not

8  required, as the request for admission is directed to a

9  party who is not in possession of that information and

10  is not an appropriate person to respond to that request

11  for admission.

12          MR. WALKER:  You said interrogatory.

13          THE COURT:  I misspoke, Mr. Walker, sir.  I

14  apologize.

15          To restate, with respect to notice to admit

16  number 2, 8, 10, 12 and 13, they are denied as the

17  notices to admit are not the proper subject of a notice

18  to admit directed to this particular defendant.  As

19  such, no further response to the notice to admit is

20  required.

21          Mr. Walker, sir, that addresses all of your

22  interrogatories -- excuse me -- your requests for

23  admissions directed to Mr. Bellnier.

24          That brings us next to your request for

25  admissions directed to Donald Uhler.  Do you have Donald

1    Uhler in front of you, sir?

2              MR. WALKER:  Yes.

3              THE COURT:  With respect to interrogatory

4    number -- excuse me.  I apologize; I keep saying

5    interrogatory.  I'm going to talk about your

6    interrogatories next, Mr. Walker.

7              With respect to notice of request for

8    admissions No. 1 directed to Donald Uhler, I'm going to

9    direct that a further response be provided.

10             With respect to notice to admit No. 2, the

11   request for a further response is denied.  That notice

12   to admit is not the proper subject of a notice to admit

13   directed to this defendant.

14             With respect to requests for admission No. 3,

15   I'm going to direct that a further response be provided.

16             With respect to notice to admit No. 4, the

17   request for further response is denied, as the Court

18   finds that notice to admit seeks irrelevant information.

19             With respect to No. 5, notice to admit No. 5,

20   the Court is going to deny the request for a further

21   response, as notice No. 5 seeks information upon which

22   there's a fundamental dispute among parties and it goes

23   to the issues which are at the heart of this litigation.

24             With respect to notice to admit No. 6, the

25   Court finds the defendants have provided an adequate

1    response.

2            With respect to notice to admit No. 7, the

3    request for further response is denied.  The Court finds

4    this notice to admit seeks irrelevant information.

5            With respect to notice admit No. 8, the

6    request for further response is denied, as the Court

7    finds that the notice to admit is not the proper subject

8    of a notice to admit directed to this defendant.

9            With respect to notice to admit No. 9 and

10   No. 10, the Court finds that both of those are not the

11   proper subject of a notice to admit directed to this

12   defendant.

13           With respect to notice to admit No. 10, the

14   request for further response is denied, as the Court

15   finds that notice to admit seeks information upon which

16   there's a fundamental disagreement among the parties.

17   It goes to the issues which are at the heart of this

18   litigation.

19           With respect to noticed to admit No. 12, the

20   request for further response is denied, as the Court

21   finds that the notice to admit seeks information which

22   is irrelevant to the issues in this litigation.

23           With respect to notice to admit No. 13, the

24   request for further response is denied, as the Court

25   finds that the notice to admit seeks information which

1   is irrelevant to the issues set forth in this

2   litigation.

3           With respect to notice to admit No. 14, the

4   Court finds that the response is adequate, as documents

5   have been provided to the plaintiff which contain

6   information which he seeks in this notice to admit.  The

7   Court would further note that this notice to admit is

8   improper and it's not the proper subject of a notice to

9   admit directed to this defendant.

10           The Court is going to direct that a further

11   response be provided to -- excuse me -- notice to admit

12   No. 15, the response to the notice to admit is not

13   adequate.  The Court is going to deny the motion seeking

14   a further response to notice to admit No. 16, as it

15   seeks information upon which there's a fundamental

16   disagreement among the parties, and it goes to the

17   issues at the heart of this litigation.

18           With respect to notice to admit No. 17, the

19   Court is going to direct that a further response be

20   provided to the notice to admit.

21           Mr. Walker, sir, that addresses your motion to

22   compel as far as it pertains to the second request for

23   admissions directed to Mr. Uhler.

24           That brings us next, Mr. Walker, sir, to

25   Mr. Woodruff.  Do you have Mr. Woodruff in front of you?

1          MR. WALKER:  Yes, sir.

2          THE COURT:  Not personally but his request for

3     admissions?

4          MR. WALKER:  Yes.

5          THE COURT:  With respect to the request for

6     admissions directed to Defendant Paul Woodruff, the

7     Court directs that a further response be provided to

8     request for admission No. 1, 3 and 15.  The Court finds

9     that adequate answers have been provided to the request

10    for admissions directed to Mr. Woodruff, which are

11    No. 6, 9, 11, and 14.

12          The plaintiff's motion to compel seeking

13    further responses to notices to admit No. 5, 11 and 16

14    are denied, as those requests for admissions seek

15    information upon which there's a fundamental

16    disagreement among the parties and seeks information

17    which goes to the heart of the issues in this

18    litigation.

19          Mr. Walker's request for further responses to

20    notice to admit No. 2, 4, 7, 10, 12 and 13 are denied as

21    that notice to admit or those notices to admit seek

22    irrelevant information.

23          Notices to admit No. 2, 8 and 10 are denied,

24    as they are not the proper subject of a notice to admit

25    directed to Mr. Woodruff.

1      Mr. Walker, that addresses all of your

2  requests for admissions directed to Defendant Woodruff.

3      That brings us next to your request for

4  admissions directed to Defendant Joanne Fitchette.  Do

5  you have those in front of you, Mr. Walker?

6      MR. WALKER:  Yes.

7      THE COURT:  With respect to Defendant Joanne

8  Fitchette, the Court is directing that further responses

9  be provided to notices to admit No. 1 and 3.

10      With respect to plaintiff's request for

11  admissions, the Court finds that adequate responses have

12  been provided to request for admissions No. 6, 9 and 14.

13      Plaintiff's request for further responses to

14  the notices to admit dated -- excuse me -- No. 5, 11 and

15  15 are denied, as they seek information upon which

16  there's a fundamental disagreement between the parties

17  and seeks information which goes to the heart of this

18  litigation.

19      Plaintiff's motion to compel seeking further

20  responses to requests for admission No. 2, 4, 7, 10, 12

21  and 13 are denied upon the grounds that they are

22  irrelevant and not related to the issues in this

23  litigation.

24      With respect to notices to admit No. 2, 4, 7,

25  8, 10, 11, 13, 14 and 16, those are denied, the request

1    of further responses denied.  They are not the proper

2    subject of a notice to admit directed to this defendant.

3            Mr. Walker, sir, that addresses all of your

4    requests for admissions directed to Defendant Joanne

5    Fitchette.

6            That brings us next, Mr. Walker, sir,

7    to Defendant Melissa Cook.  Do you have the request for

8    admission related to Miss Cook in front of you, sir?

9            MR. WALKER:  Yes.

10           THE COURT:  With respect to Defendant Melissa

11   Cook, the plaintiff's motion to compel further responses

12   to his request for admission, the Court rules as

13   follows:

14           The Defendant Melissa Cook is directed to file

15   a further response to notice to admit No. 1.

16           With respect to responses to notice to admit

17   No. 3, 6, 9, 14 and 15, the Court finds the defendants

18   have provided adequate responses.

19           With respect to notice -- request for

20   admission No. 5 and 11, the motion seeking compel to

21   further responses is denied, as the Court finds those

22   notices to admit seek information upon which there's a

23   fundamental disagreement between the parties, and the

24   notice to admit goes to the issues which are at the

25   heart of this litigation.

1       With respect to notices to admit No. 2, 4, 7,

2  10, 12 and 13, the motion seeking to compel further

3  responses is denied upon the grounds that the Court

4  finds those notices to admit are irrelevant.

5       With respect to notices to admit No. 2, 4, 7,

6  8, 10, 12, 13 and 14, the motions seeking to compel

7  further response is denied upon the grounds that the

8  Court finds that the notice to admit is not the proper

9  subject of a notice to admit directed to this particular

10  defendant.

11       Mr. Walker, sir, that addresses all of your

12  requests for admissions directed to Miss Cook.

13       That brings us next to your request for

14  admissions directed to James O'Gorman.  Do you have

15  those in front of you, Mr. Walker?

16       MR. WALKER:  Yes.

17       THE COURT:  With respect to plaintiff's motion

18  to compel further responses to admissions directed to

19  Defendant James O'Gorman, the Court rules as follows:

20       The motion to compel further responses is

21  granted.  With respect to responses No. 1 and 3, the

22  defendant is directed to provide a further response to

23  those requests for admissions.

24       The Court finds with respect to notice to

25  admit No. 6, 9, 13 and 15 that the defendant has

1    provided an adequate response and, therefore, the motion

2    to compel with respect to those numbered requests for

3    admission is denied.

4            Plaintiff's motion seeking to compel

5    additional responses to notices to admit No. 5, 8, 11,

6    16 and 17 are denied on the grounds that each of those

7    notices to admit seek information upon which there's a

8    fundamental disagreement between the parties, and those

9    notices to admit go to the issues which are at the heart

10   of this litigation.

11           Plaintiff's motion seeking to compel further

12   responses to request for admission No. 2, 7, 10, 12 and

13   13 are denied on the grounds that the Court finds those

14   notices to admit are directed to information which is

15   irrelevant, not related to the issues in this

16   litigation.

17           With respect to responses 2, 5, 7, 8, 10, 11,

18   12, 14 and 17, plaintiff's motion seeking to compel

19   further response is denied, as those notices to admit

20   are not the proper subject of a notice to admit directed

21   to Mr. O'Gorman.

22           That, Mr. Walker, sir, addresses all of

23   your -- all of the issues raised in your motion to

24   compel further responses to request for admissions.

25           That brings us next to the disputed

1    interrogatories, Mr. Walker.  Do you have your

2    interrogatories in front of you?

3              MR. WALKER:  Yes.

4              THE COURT:  The service of interrogatories is

5    governed by Rule 33 of the Federal Rules of Civil

6    Procedure, and Rule 33(a)(1) provides unless otherwise

7    stipulated or ordered by the Court, a party may serve on

8    any other party no more than 25 written interrogatories,

9    including all discrete subparts.

10             It's my understanding what happened,

11   Mr. Walker, sir, is you served these interrogatories

12   upon Ms. Knapp.  These interrogatories being dated

13   July 3rd of 2019.  Ms. Knapp rejected your

14   interrogatories upon the grounds that each of your

15   interrogatories contained more than 25 interrogatories

16   or discrete subparts and she advised you she would not

17   answer them because they exceeded the number of

18   interrogatories permitted by Rule 33.

19             You then re-served the interrogatories and

20   re-dated them on September 18th of 2019.

21             Mr. Walker, sir, Ms. Knapp contends that your

22   interrogatory requests directed to Defendants exceed 25

23   in number and therefore she did not answer them.

24             What's your response to that, Mr. Walker?

25             MR. WALKER:  That's inaccurate.  She said

1    subparts.  The first time she was saying it was compound

2    question.  I acknowledged the validity of the statement

3    and I did the whole thing over.  Second time she claimed

4    that it's a subparts, is a three -- that it's a -- they

5    constitute more than 25 interrogatories.

6           Now according to the law, the subpart of the

7    discrete because it's separate interrogatory when

8    there's lots of independent questions posed by the basic

9    interrogatory.  Each -- and, I mean, also necessarily

10   related to the primary interrogatory.  So each one of

11   mine fall in the category to constitute a single subpart

12   equals one interrogatory, and I wrote her pertaining to

13   that, showing her case law that says subpart is --

14   constituted one interrogatory.  She rejected it further.

15          THE COURT:  Ms. Knapp, what's your -- let's

16   take, for example, a look at the interrogatories

17   directed to Joseph Bellnier that's dated September 18th

18   of 2019, which is No. 22 but Mr. Walker's

19   interrogatories contain certain subparts, for want of a

20   better phrase.

21          MS. KNAPP:  Yes, your Honor.  With regard to

22   the Bellnier interrogatories, although the

23   interrogatories are listed and number up to No. 22,

24   there are multiple interrogatories of that discrete

25   subparts, A, B and C, which bring them over the limit

1    set forth in the applicable federal Rule 33.

2            I advised Mr. Walker in a timely manner that

3    these were noncompliant, that he had to abide by the

4    limits set forth and, again, with all of these discrete

5    subparts, he is over the limit and these are

6    noncompliant.

7            THE COURT:  Mr. Walker, sir, there must be

8    certain of these interrogatories which are more

9    important to you than others; isn't that true?

10           MR. WALKER:  Yes.

11           THE COURT:  For example, why do you need to

12   know how old somebody is?

13           MR. WALKER:  Based on their judgment and

14   ruling, perhaps that might -- why they can't give me

15   meaningful review.

16           THE COURT:  Do you think as people get older

17   they don't become wiser, Mr. Walker?

18           MR. WALKER:  Not necessarily.

19           THE COURT:  I didn't sense you felt that way

20   about me, Mr. Walker, that's why I asked.

21           MR. WALKER:  Kicks in all types of things

22   basically.  But, you know, actually, that is not a --

23   that is not really a -- really necessity but, however,

24   the questions in terms of being the subparts in terms of

25   being discrete and separate is validated all day because

1    each one of them is allowed to me and it's actually

2    independent for the question posed by the basic

3    interrogatory, and it's related to the primary

4    interrogatories, so --

5         THE COURT:  Mr. Walker, let me ask you a

6    question, sir.  It appears to me, and you're much more

7    familiar with these documents than I am.  Your

8    interrogatory is directed to each of the defendants

9    appear pretty similar to me.  Is that true or am I

10   incorrect?

11        MR. WALKER:  Yes.

12        THE COURT:  Are they identical?

13        MR. WALKER:  Not exactly.  There's different

14   ones but it is pretty much similar, though.  It's pretty

15   similar.

16        THE COURT:  All right.  Over Ms. Knapp's

17   objection, in view of the Second Circuit's directive

18   that we show special solicitude to inmates, I'm going to

19   direct that she answer some of these interrogatories,

20   Mr. Walker.  Frankly, having gone through your

21   interrogatories at great length, there are more 25 but

22   because you're an inmate, I'm going to go through these

23   with you and direct that she respond to them.

24        I'm going to direct that she not respond to

25   interrogatory No. 1.  The issue of how old someone is

1    just not relevant.  I'm going to direct that she provide

2    you with the response to interrogatory No. 2,

3    interrogatory No. 3.

4            I'm going to direct she not provide a response

5    to interrogatory No. 4.  I find it vague and confusing

6    as to what qualifications are required in order to hold

7    a position.

8            I'm going to direct she provide you with a

9    response to interrogatory No. 25.  Excuse me, No. 5,

10   including the various parts.

11           I'm going to direct that she provide you with

12   a response to interrogatory No. 6.  I'm going to direct

13   she provide you with a response to No. 7.  I'm going to

14   direct she provide you with a response to response to

15   No. 8.  I'm going to direct she not provide you with a

16   response to interrogatory No. 9; I find it irrelevant

17   and will carry you well over the 25 number.

18           With respect to interrogatory No. 10, is your

19   question -- did you receive nine administrative seg

20   reviews on the same date, Mr. Walker?

21           Mr. Walker, are you still there, sir?

22           MR. WALKER:  Yes.  On January 22nd, 2019.

23           THE COURT:  My question is, did you actually

24   receive nine separate ones on that date?

25           MR. WALKER:  Yes.

1          THE COURT:  Okay.

2          MR. WALKER:  And it has a  administration

3     stamp on it too.

4          THE COURT:  That's fine, Mr. Walker.  I didn't

5     understand your question.  I will direct they respond to

6     No. 10.

7          I find No. 11 to be irrelevant, overly broad,

8     burdensome, seeking information not related to this

9     litigation.  I'm not going to respond to 11.

10          Mr. Walker, No. 12 you asked him for hundreds

11     of cases involving inmates in SHU in the last 18 years.

12     It's overly broad, it's burdensome, it seeks information

13     not related to this litigation.  I find -- make the same

14     ruling with respect to 13.  I'm going to direct they

15     provide you with a response to 13-B, not A, but 13-B; I

16     find that response to be relevant.

17          I will direct they provide you with a response

18     to 14; direct they not provide you with a response to

19     15, the question is argumentative, it assumes facts not

20     in evidence.  It goes to the issues of the heart of the

21     litigation as to whether or not you received a

22     meaningful review.

23          I will direct they provide you with a response

24     to 16.  To the extent that Mr. Bellnier can answer, I

25     will direct they provide you with a response to 17.  I'm

1    going to direct they not provide you with a response to

2    18; it's not the proper servicing of an interrogatory,

3    it also goes to the issue of the heart of this

4    litigation.

5            I'll direct they provide you with a response

6    to 191.  I'll direct they provide you with a response to

7    20, 21.  I'll direct they provide a response to 22, the

8    first part but not the subpart A.

9            Ms. Knapp, with that direction with respect to

10   those interrogatories, does that give you guidance as to

11   respond to the other sets or do you want to go through

12   each of the other sets?

13           MS. KNAPP:  Honestly, your Honor, I'm not sure

14   how -- he said they're similar but not exact.  I --

15           THE COURT:  Let's go through.

16           Ms. Knapp:  It does give me guidance but I'm

17   not sure if there's --

18           THE COURT:  Let's go through them.  Do you

19   have Melissa Cook in front of you, Mr. Walker?

20           MR. WALKER:  Yes.  Yes.

21           THE COURT:  Mr. Walker, you said these are

22   substantially similar to the ones that you served with

23   respect to Mr. Bellnier.

24           MR. WALKER:  If we are going to go over

25   another single one to --

1        THE COURT:  Well, Ms. Knapp is not certain as

2    to what different interrogatories may appear in

3    different sets.  Given the guidance I gave her with

4    respect to Mr. Bellnier, she's prepared to provide

5    responses to those but -- do you understand what she's

6    going to do?  Some of the questions may be different

7    with respect to different people.

8        MR. WALKER:  Yes.  So, if it's possible, I

9    would appreciate that we can just go over the Parole

10   Woodruff one, and if that one is -- it's only a

11   few separate ones in there that I -- I would like

12   addressed.

13       THE COURT:  Okay.

14       MR. WALKER:  That's not necessarily in the

15   others ones so if we can address that one and then she

16   can have an idea of, you know, what else.

17       THE COURT:  I've got Paul Woodruff in front of

18   me; not personally but his interrogatories.  Do you have

19   those in front of you?

20       Mr. Walker, sir, do you have Paul Woodruff

21   request for interrogatory in front of you?

22       MR. WALKER:  Yes.

23       THE COURT:  We agree, I think, Mr. Walker,

24   that question one about how old he is is not

25   particularly important at this point.

1          MR. WALKER:  Yes.

2          THE COURT:  They will provide you with a

3    response to No. 2, No. 3.  No. 4 I previously directed

4    that Mr. Bellnier did not have to provide a response to

5    that.

6          No. 5, I'll direct that he provide a response,

7    Ms. Knapp.  To the extent that Mr. Woodruff has some

8    idea as to how that information came to be in the

9    record, I'll direct that he provide a response.  If he

10   doesn't have any personal knowledge, he can respond as

11   such.  I'll direct that a response be provided to 6 and

12   to 7.

13         I believe I directed that Mr. Bellnier not

14   provide a response to number 8; that is the subject of

15   the issues in this litigation.  I will direct he not

16   provide a response to No. 9; it's not relevant.

17         I'll direct he provide a further or provide an

18   interrogatory response to No. 10.  I'll direct that he

19   not provide a response to No. 11 for the same basis I

20   set forth with Mr. Bellnier.

21         I'm going to direct he not provide a response

22   to Nos. 12, 13 and 14 for the same reasons I set forth

23   with respect to Mr. Bellnier.  I'll direct he provide a

24   further response -- excuse me -- provide a response to

25   interrogatory No. 14.

1          I'm going to direct that he not provide a

2     response to No. 15, as it's argumentative and goes to

3     the issues at the heart of this litigation as to what is

4     necessary for Mr. Walker to receive a meaningful review.

5     It also assumes the fact that false information has been

6     provided, which is clearly the subject of a dispute in

7     this litigation.  I'll direct he provide a response to

8     16 and 17.

9          I'll direct he not provide a response to 18,

10    that interrogatory does not seek factual information

11    but, rather, goes to the issues at the heart of this

12    litigation.  I'll direct he be given a response to 19,

13    20 and to 21.

14         That addresses Mr. Woodruff, sir.  Does that

15    satisfy you or do you want me to go through additional

16    sets of interrogatories?

17         MR. WALKER:  No, I think that's pretty

18    suffice.

19         THE COURT:  Ms. Knapp, does that suffice for

20    you?

21         MS. KNAPP:  I believe so, your Honor.

22         THE COURT:  Ms. Knapp, how much time do you

23    need to do that?

24         MS. KNAPP:  Could I have 45 days from the date

25    I receive your order please?

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1              THE COURT:  All right.  So I'm going to give

2      Ms. Knapp 60 days from today to do that.  So today is

3      the 23 of January.  I'm going to direct she file her

4      responses by the 24th of February.

5              Ms. Knapp:  That's only a month.

6              THE COURT:  I apologize, as I indicated to

7      Mr. Walker earlier, math is not my forte.  I meant to

8      say March 25th.

9              Ms. Knapp:  Sounds better.

10             THE COURT:  I'm a lawyer.  Mr. Walker, that

11     addresses all of your requests.  I'm now going to set a

12     deadline once you get those for the filing of

13     dispositive motions.

14             Do you anticipate filing a dispositive motion,

15     Mr. Walker?

16             MR. WALKER:  Yes.

17             THE COURT:  Okay.

18             MR. WALKER:  I -- and I -- and in the event

19     that this discovery matter could be resolved, I'll

20     definitely be moving for summary judgment.

21             THE COURT:  Well, once you get the

22     information, Mr. Walker, I'm going to give you 60 days

23     from the time you get the information to file your

24     dispositive motion.  Do you understand that?

25             MR. WALKER:  Yes.  You know, one little issue

1    also.  I'm still not able to obtain copies from the law

2    library.  You obtained interrogatories and from --

3    from the attorney, however, I was never able to get you

4    copies of any of those documents because I was denied at

5    the law library.  They said it's not a part of this

6    action and you said it's not part of this action.

7            THE COURT:  I don't know what -- I don't

8    understand what you're talking about, Mr. Walker, sir,

9    but to the extent you have difficulties obtaining copies

10   to prepare your motion for dispositive motion, you need

11   to address that with the facility.  If for some reason

12   you can't get copies of documents that have already been

13   filed, notify the Court and we will see what we can do

14   to help you out.

15           MR. WALKER:  So basically you want me to put

16   in another motion.

17           THE COURT:  Trust me, the last thing in the

18   world I want you to do, Mr. Walker, is put in another

19   motion.  I'm uncertain what you want me to do for you,

20   Mr. Walker.

21           MR. WALKER:  The documents was -- clearly

22   stated the interrogatories was, which I filed and

23   reserved her without the -- everything else on it, and

24   now I'm going to go through the same process again.  The

25   documents you said that it was not a part of this

1    action, it's the only documents that I have.

2           THE COURT:  I didn't say -- Mr. Walker, I

3    don't know what you're talking about, sir.  What I said

4    was, at the beginning of this conference, when you filed

5    your motion you did not annex copies of the

6    interrogatories, your interrogatories to their

7    responses.  So, in order to --

8           MR. WALKER:  I don't have copies.

9           THE COURT:  Which is why, in order to move

10   this matter forward, Ms. Burtt, from my office, reached

11   out to Ms. Knapp, and I had them provide me with copies

12   of them so I could spend the last couple of days going

13   through them and preparing for toward's conference.

14          MR. WALKER:  I appreciate that.

15          THE COURT:  If in filing your motion for

16   summary judgment you need a copy of a document that was

17   previously provided to the Court or to Ms. Knapp, you

18   can let the Court know, and to the extent that I have

19   such a document and you don't, we will endeavor to get

20   you a copy.

21          MR. WALKER:  I'm talking about the documents

22   since being supplied the Court and the attorney were

23   copied to keep a copy for myself for summary judgment

24   motion.

25          THE COURT:  Well, again, Mr. Walker, I

1     apologize.  I don't understand what you're saying.  You

2     intend to file a dispositive motion.  Is that correct?

3              MR. WALKER:  Yes.

4              THE COURT:  When you do that, you need to

5     provide a copy of the motion to the Court so I can read

6     it, and to Ms. Knapp so she can respond to it.

7              MR. WALKER:  I need to have a copy for myself.

8              THE COURT:  And you need to have a copy for

9     yourself.

10             MR. WALKER:  Correct.

11             THE COURT:  So what difficulty do you

12    anticipate?

13             MR. WALKER:  I anticipate them -- me sending

14    to the law library with your court order saying that

15    this is the case for the docket number on them and then

16    returning, talking about is not a part of this action,

17    and then I file a motion and then you say it's not a

18    part of this action and there's no other action.

19             THE COURT:  Mr. Walker, I don't have any idea

20    what you're talking about.  I'm sorry.  You need to try

21    to explain to me more clearly.  I'm simply not following

22    what you are saying.

23             MR. WALKER:  All right.  Well, what I'm saying

24    is that the only problem that I'm having as far as

25    obtaining copies is that they require that I have a

1   court order that states that it's pertaining to this

2   case, and when I have done that and provided it to the

3   administration, your court order and the documents are

4   the same docket number on it.  They denied me getting

5   copies, saying I don't have a court order.

6           Then when I file the motion, the -- the -- I

7   obtain copies which you -- you determined that it was

8   not part of this action.  It was no -- it was no

9   other -- it was no other interrogatories or no other

10   case that I have with the same document number.

11           All these documents that you obtain from the

12   attorney, which I'm grateful that she was able to do

13   that, I couldn't obtain copies for them because I

14   provided you which I was supposed to do.

15           THE COURT:  So, Mr. Walker, if you have

16   difficulty obtaining copies when you go to make your

17   dispositive motion, send me a letter and I'll address it

18   for you.  I've never had to send an order to a law

19   library before to get them to let someone make copies.

20   So I'm somewhat confused as to why you're having that

21   difficulty but once your motion for -- your dispositive

22   motion is prepared, if you have difficulty making copies

23   so you can provide one to the Court and one to Ms. Knapp,

24   you notify the Court and we will see what we can do to

25   address that for you.

1        MR. WALKER:  All right.  Thank you.

2        THE COURT:  All right.  So you are going to

3   file your dispositive motion by the date I'm about to

4   give you.  I'm going to give you 60 days, Mr. Walker and

5   Ms. Knapp, to file your dispositive motions.  So they

6   are going to get all of the additional discovery I

7   directed them by March 25th.  So 60 days would be -- a

8   little more than 60 days would be May 29th.

9        MR. WALKER:  All right.

10        THE COURT:  Okay?

11        MR. WALKER:  Yes.

12        THE COURT:  So what's going to happen,

13   Mr. Walker, sir, our court reporter, Lisa, who is

14   diligently taking all of this down, is going to prepare

15   a transcript of today's proceeding.  I'm going to do an

16   order, and I'm going to send you a copy of the decision

17   and order with the transcript annexed, I'm going to send

18   a copy to Ms. Knapp as well, and if you or Ms. Knapp

19   fail to see the wisdom of what I've done, you can file a

20   appeal to Chief Judge Suddaby.  Do you understand that?

21        MR. WALKER:  Yes.

22        THE COURT:  Mr. Walker, that seems to address

23   all of the issues that are pending today.

24        You and Ms. Knapp have a nice weekend.  All

25   right?

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1         MR. WALKER:  All right.  Thank you.

2         MS. KNAPP:  Thank you, your Honor.

3         (Proceeding concluded)

4             * * * * * * * * *

5

6

7

8          C E R T I F I C A T I O N

9

10

11     I, Lisa L. Tennyson, RMR, CSR, CRR, Federal

12 Official Realtime Court Reporter, in and for the United

13 States District Court for the Northern District of New

14 York, do hereby certify that pursuant to Section 753,

15 Title 28, United States Code, that the foregoing is a

16 true and correct transcript of the stenographically

17 reported proceedings held in the above-entitled matter

18 and that the transcript page format is in conformance

19 with the regulations of the Judicial Conference of the

20 United States.

21

22        _____ *Lisa L. Tennyson* _____

23       Lisa L. Tennyson, R.M.R., C.S.R., C.R.R.

24

25

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY