UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE WALKER,

v.                                                                          17-CV-1008
                                                                              (GTS/CFH)

JOSEPH BELLNIER; DONALD UHLER; PAUL
P. WOODRUFF; JOANNE FITCHETTE;
MELISSA A. COOK; and JAMES A. O'GORMAN,

                              Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

TYRONE WALKER, No. 94-A-5258
   Plaintiff, *Pro Se*
Upstate Correctional Institution
Inmate Mail/Parcels
P.O. Box 221
Malone, NY 12953

HON. LETITIA A. JAMES                                   LYNN M. KNAPP, ESQ.
Attorney General for New York                         Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Tyrone

Walker ("Plaintiff") against Joseph Bellnier, Donald Uhler, Paul P. Woodruff, Joanne Fitchette,

Melissa A. Cook, and James A. O'Gorman (collectively "Defendants"), is an appeal from

Magistrate Judge Christian F. Hummel's Order granting in part and denying in part Plaintiff's

motion to compel Defendants to provide additional responses to Plaintiff's notices to admit and

requests for the production of documents.  (Dkt. No. 62.)  For the reasons set for below,

Plaintiff's appeal is denied, and Magistrate Judge Hummel's Order is affirmed.

## I.      RELEVANT BACKGROUND

Generally, Plaintiff's Second Amended Complaint claims that Defendants violated his due process rights under the Fourteenth Amendment by failing to regularly, impartially and meaningfully conduct periodic review of his administrative segregation ("ad-seg") status.  (Dkt. No. 31.)  On September 12, 2019, Plaintiff filed a motion to compel, requesting approximately 600 requests to admit, as well as requests for the production of documents, in addition to attorney's fees and sanctions.  (*See generally* Dkt. No. 44.)  On December 6, 2019, Magistrate Judge Hummel held a discovery hearing in which he addressed Plaintiff's motion to compel on the record.  (Dkt. No. 59.)  During this hearing, Magistrate Judge Hummel issued rulings on each of Plaintiff's approximate 600 requests to admit, Plaintiff's requests for the production of documents, and Plaintiff's motion for attorney's fees and sanctions.  (*Id.*)  On January 2, 2020, Defendant filed a timely appeal from Magistrate Judge Hummel's decision.  (Dkt. No. 64.)

## II.     PARTIES' BRIEFING REGARDING PLAINTIFF'S APPEAL

### A.      Plaintiff's Memorandum of Law

Generally, in his appeal, Plaintiff asserts five grounds for relief.  (Dkt. No. 64 [Plf.'s Memo. of Law].)  First, Plaintiff repeats his arguments from the discovery hearing, during which he argued that Magistrate Judge Hummel was "untruthful" when he did not agree with each of Plaintiff's approximate 600 requests for admission.  (*Id.* at 8.)  Second, Plaintiff argues that Magistrate Judge Hummel abused his discretion when he determined which facts were disputed, because Defendants' attorney did not dispute such facts in their opposition to Plaintiff's first motion to compel.  (*Id.* at 10.)  Third, Plaintiff argues that Magistrate Judge Hummel abused his discretion when he found certain requests for admissions were irrelevant to

2

Plaintiff's claims. (*Id.* at 12.) Fourth, Plaintiff argues that Magistrate Judge Hummel abused his discretion when he denied his requests for admissions for "invalid reasons." (*Id.* at 16.) Finally, Plaintiff argues that Magistrate Judge Hummel abused his discretion when he denied Plaintiff's requests for the production of documents because the requests were not vague or overbroad, nor did they raise security concerns. (*Id.* at 18.)

### B.   Defendants' Opposition Memorandum of Law

Generally, in their opposition memorandum of law, Defendants refer the Court to their arguments opposing Plaintiff's underlying motion to compel. (Dkt. No. 67 [Defs.' Opp'n Memo. of Law].) Specifically, Defendants argue that Plaintiff's motion was properly denied in its entirety because Defendants properly responded to each of Plaintiff's requests by raising timely and proper objections. (Dkt. No. 49, at 1.) Second, Defendants argue that Plaintiff's requests are excessively vague and are unduly broad in scope. (*Id.* at 2.)

## III.   LEGAL STANDARD GOVERNING APPEAL FROM NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE

Non-dispositive motions decided by a magistrate judge are to be modified or set aside by the district judge assigned to the case only where "the magistrate judge's order [is] found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Motions to compel are non-dispositive. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685 (N.D.N.Y. 2015) (Suddaby, C.J.) (stating that a motion to compel discovery is non-dispositive in nature).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Trust for South. Cal.*, 508 U.S. 602, 622 (1993) (citing *United States v. United States Gypsum*

*Co.*, 333 U.S. 364, 395 [1948]).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (Scullin, J.) (citation and internal quotations omitted).

"This standard is highly deferential, as magistrate judges are 'afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Best Payphones, Inc. v. Dobrin*, 409 F. Supp. 3d 130, 134 (E.D.N.Y. 2018) (quoting *McNamee v. Clemens*, 09-CV-1647, 2014 WL 1338720, at *2 [E.D.N.Y. Apr. 2, 2014]).  "A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding, or when its decision—through not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Artisa Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).  Accordingly, "[m]agistrate judges have broad discretion in resolving non-dispositive matters, and a party seeking to overturn a discovery order bears a heavy burden." *Burgie v. Euro Brokers, Inc*., 05-CV-0968, 2007 WL 1704178, at *7 (E.D.N.Y. June 12, 2007) (citing, *inter alia*, *Thomas E. Hoar, Inc. v. Sara Lee Corp*., 900 F.2d 522, 525 [2d Cir. 1990]).

## IV.    ANALYSIS

After carefully reviewing the papers herein, including the transcript of Magistrate Judge Hummel's discovery hearing of December 6, 2019, the Court finds that Magistrate Judge Hummel did not abuse his discretion when deciding Plaintiff's motion to compel.  As a result, Magistrate Judge Hummel's rulings are accepted and adopted in its entirety for the reasons stated therein.  (*See generally* Dkt. No. 59.)  To those reasons, the Court adds the following five

points.

First, a party may serve on any other party a written request to admit the truth of any matters within the scope of Fed. R. Civ. P. 26(b)(1) relating to facts, the application of law to fact, or opinions about either, as well as the genuineness of any described documents.  Fed. R. Civ. P. 36(a)(1).  The scope of discovery, unless otherwise limited by court order, includes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1]  Fed. R. Civ. P. 26(b)(1).

In this case, Plaintiff argues that Magistrate Judge Hummel ignored controlling law when he denied several requests to admit.  Specifically, Plaintiff cites the plaintiff's argument in *Nat'l Rifle Ass'n of Am. v. Cuomo*, 332 F.R.D. 420, 429 (N.D.N.Y. 2019) (Hummel, M.J.) ("*NRA*"), which he then tries to analogize to the facts at issue here.[2]  (Dkt. No. 64, at 8-9.) However, Plaintiff's comparison is misplaced.  In particular, Plaintiff incorrectly argues that, because Magistrate Judge Hummel ordered the defendants in *NRA* to provide a signed affidavit that states they conducted a diligent search, 332 F.R.D. at 448, Magistrate Judge Hummel abused his discretion here (by ignoring his previous decision and denying Plaintiff's requests for admission).  (Dkt. No. 64, at 9.)  Each case is decided independently based on its own facts,

---

[1]     When evaluating a matter's relevance to a claim and the proportionality to the needs of the case, courts also consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

[2]     Plaintiff also argues that Magistrate Judge Hummel was "untruthful" when he disagreed with Plaintiff's comparison to the requests to admit in *Nat'l Rifle Ass'n of Am. v. Cuomo*, 332 F.R.D. 420, 429 (N.D.N.Y. 2019) (Hummel, M.J.).  (Dkt. No. 64, at 8.)  However, Plaintiff's argument relies entirely on speculation and conjecture.  Accordingly, the Court rejects Plaintiff's argument that Magistrate Judge Hummel was "untruthful" in his decision-making.

and an argument in one instance may not be appropriate in another.  In addition to failing to

explain why the denied requests for admission in their current form are appropriate, Plaintiff

fails to explain how Magistrate Judge Hummel's decisions were clearly erroneous or contrary to

law.  The Supreme Court's direction that a document filed by a *pro se* plaintiff must be liberally

construed, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007), in no way eviscerates the point

of law that a mere disagreement about the appropriateness of an argument does not itself

amount to an abuse of discretion in this context.

Second, Plaintiff argues that Magistrate Judge Hummel "created disputed facts that did

not [sic] exist"; however, to support his argument, Plaintiff erroneously relies on language from

Magistrate Judge Hummel's Report-Recommendation of January 15, 2019.  (Dkt. No. 64, at 9;

Dkt. No. 18, at 18-19.)  In response to Plaintiff's motion to compel, Defendants correctly argued

that Plaintiff's motion should be denied in its entirety because Defendants raised timely and

proper objections to his requests.  (Dkt. No. 49, at 1.)  "[W]here requests for admission are not

designed to identify and eliminate matters on which the parties agree, but to seek information as

to fundamental disagreement at the heart of the lawsuit . . . a court may excuse a party from

responding to the requests." *Republic of Turk. v. Christie's, Inc.*, 326 F.R.D. 394, 399

(S.D.N.Y. 2018).  Although Plaintiff argues that the requests to admit are not vague, he fails to

explain how they are the proper subject of a notice to admit and how they do not address the

heart of the dispute.  (Dkt. No. 64, at 10-11.)  Therefore, after carefully reviewing the record,

the Court finds that Magistrate Judge Hummel properly determined that certain facts were in

dispute between the parties, which in turn warranted the denial of several of Plaintiff's requests

to admit.

Third, Plaintiff argues that Magistrate Judge Hummel abused his discretion when he denied the requests to admit for "invalid reasons." (Dkt. No. 64, at 16.)  "The purpose of Fed R. Civ. P. 36 is 'for facilitating the proof at trial by weeding out facts and items of proof over which there is no dispute.'"  *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) (quoting 4A Moore's Federal Practice, ¶ 36.02 [2d ed. 1982]).  Plaintiff argues that he sought admissions of facts, not law, which are appropriate under Fed. R. Civ. P. 36.  (Dkt. No. 64, at 16.)  However, Magistrate Judge Hummel found not only that Plaintiff's requests to admit sought information "where there is a fundamental disagreement among the parties," but also that "the information sought goes to the heart of the issues in litigation."  (Dkt. No. 62-1, at 10.)  As discussed in the preceding paragraph, such information is not appropriate for a request to admit.  *See Republic of Turk.*, 326 F.R.D. at 399 ("[W]here requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit . . . a court may excuse a party from responding to the requests.").  Because Plaintiff fails to show that the information sought does not involve a fundamental disagreement or involve the heart of the issues in litigation, the Court finds that Magistrate Judge Hummel appropriately denied Plaintiff's requests for admission.

Fourth, Plaintiff argues that Magistrate Judge Hummel abused his discretion when determining that several of Plaintiff's requests to admit were irrelevant to the claims or defenses or subject matter involved in the action.  Generally, parties may (without a court order) obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party, or (with a court order) any matter that is relevant to the subject matter involved in the action.  *See,*

7

*e.g., Beyor v. Muir*, 04-CV-0453, 2005 WL 8171146, at *1-2 (N.D.N.Y. March 16, 2005) (Lowe, M.J.) (citing Fed. R. Civ. 26[b][1]).  Evidence is considered relevant if it has any tendency to make a fact of consequence more or less probable.  Fed. R. Evid. 401.  Although evidence may be relevant, it may nevertheless be excluded if "its probative value is substantially outweighed by the danger of . . . unfair prejudice."  Fed. R. Evid. 403.

In this case, Plaintiff seeks requests to admit information regarding a separate lawsuit and other information in order to "contradict false claims in Plaintiff's ad-seg review" (Dkt. No. 64, at 12-14.)  Although Plaintiff repeats his argument that the requests to admit are relevant to the falsity of the assertions made by Defendants in Plaintiff's ad-seg reviews, he fails to show that Magistrate Judge Hummel relied on a clearly erroneous factual finding when deeming several of Plaintiff's requests to admit as irrelevant and/or not related to the issues in the litigation.  (Dkt. No. 62-1, at 11, 13, 15-17.)  Instead, Plaintiff recounts multiple incidents that allegedly contradicts the reported versions of events in Plaintiff's ad-seg reviews. (Dkt. No. 64, at 12-15.)  However, even if the Court were to find Plaintiff's requests to admit relevant, rebutting a party's version of facts is not an appropriate use of a request to admit.  *See Republic of Turk.*, 326 F.R.D. at 399 ("[W]here requests for admission are not designed to identify and eliminate matters on which the parties agree . . . a court may excuse a party from responding to the requests.").  Accordingly, the Court finds that Magistrate Judge Hummel did not abuse his discretion when determining the relevancy of Plaintiff's requests to admit.

Fifth and finally, Plaintiff argues that Magistrate Judge Hummel abused his discretion when he denied Plaintiff's requests for the production of documents because the requested documents are not vague, overly broad, nor do they raise security concerns of providing a

current inmate with information about the prison's additional security measures pertaining to him.  (Dkt. No. 64, at 17.)  Plaintiff requested several documents, including (1) a document identifying the number of inmates in ad-seg in the facility Plaintiff is currently housed in, (2) any and all memoranda and communications pertaining to Plaintiff, (3) any documents pertaining to extra security measures in place for Plaintiff, and (4) proof that sections 1-3 are not part of directive 4933.  (Dkt. No. 62-1, at 28-35.)  "A party may serve on any other party a request *within* the scope of [Fed. R. Civ. P.] 26(b)."  Fed. R. Civ. P. 34(a) (emphasis added). Here, Plaintiff has failed to show how Magistrate Judge Hummel abused his discretion when denying each of Plaintiff's requests to produce documents.  After addressing each request individually, and clarifying what specific information Plaintiff was seeking and why he needed that information, Magistrate Judge Hummel determined that each of Plaintiff's individual requests for a production of documents was overly broad and burdensome because each raised security concerns, was not limited to issues in the immediate litigation, and/or was deemed irrelevant to the litigation.  (Dkt. No. 62-1, at 28-35.)  Again, a mere disagreement with a magistrate judge's decisions does not amount to an abuse of discretion or entitle an appellant to a favorable ruling.  *Cf. E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010) ("A mere disagreement with the Court's legal determination is not a valid basis for reconsideration.").  Although Plaintiff argues that the documents requested are not vague and will not raise security concerns, the Court finds that Plaintiff has failed to show that Magistrate Judge Hummel relied on a clearly erroneous factual finding when denying Plaintiff's requests for the production of documents.  Accordingly, Plaintiff's appeal regarding the requests for the production of documents must fail.

9

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's appeal from Magistrate Judge Hummel's Order (Dkt. No.

64) is **<u>DENIED</u>**.

<u>The Court declines to issue a certificate of appealability</u>.

Dated:   August 7, 2020
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

10