UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE WALKER,

                  Plaintiff,

                                                                         9:17-CV-1008
v.                                                                   (GTS/CFH)

JOSEPH BELLNIER, Dep. Comm'r.; DONALD UHLER,
Super., Upstate Corr. Fac.; PAUL P. WOODRUFF,   Dep.
Super. of Sec., Upstate Corr. Fac.; JOANNE FITCHETTE,
Dep. Super. of Programs, Upstate Corr. Fac.; MELISSA A.
COOK, Offender Rehab. Coordinator, Upstate Corr. Fac.;
and JAMES A. O'GORMAN,

                  Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

TYRONE WALKER, 94-A-5258
    Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. LETITIA A. JAMES                           LYNN MARIE KNAPP, ESQ.
Attorney General for the State of New York        Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York   12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Tyrone

Walker ("Plaintiff") against the six above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants" or "DOCCS") pursuant

to 42 U.S.C. § 1983, are (1)   United States Magistrate Judge Christian F. Hummel's

Report-Recommendation recommending that Plaintiff's motion for summary judgment be denied, Defendants' cross-motion for summary judgment be granted, and Plaintiff's Second Amended Complaint (Dkt. No. 31) be dismissed in its entirety, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 102, 103.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Hummel's Report-Recommendation

Generally in his Report-Recommendation, Magistrate Judge Hummel rendered the following three findings of fact and conclusions of law: (1) to the extent that Plaintiff asserts a Fourteenth Amendment due process claim based on the alleged untimeliness of his periodic administrative-segregation reviews, that claim should be dismissed because of the lack of admissible record evidence from which a rational fact finder could conclude that those reviews were indeed untimely; (2) to the extent that Plaintiff asserts a Fourteenth Amendment due process claim based on the alleged meaninglessness of his periodic administrative-segregation reviews, that claim should be dismissed because of the lack of admissible record evidence from which a rational fact finder could conclude that those reviews were indeed untimely; and (3) because adequate grounds exists upon which to base a dismissal of the claims in Plaintiff's Second Amended Complaint, the Court need not reach the merits of Defendants' alternative argument that, based on the admissible record evidence, they are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 102, at Part III.B.)

### B. Plaintiff's Objections to the Report-Recommendation

Liberally construed, Plaintiff's Objections assert the following two arguments: (1)

Plaintiff's Fourteenth Amendment due process claim based on the untimeliness of his periodic administrative-segregation reviews should not be dismissed because (a) admissible evidence supporting the claim does exist (most notably, the fact that the reviews were never provided by Defendants in support of their previous motion to dismiss combined with the fact that gaps of two to six months exist between when the reviews were allegedly conducted and alleged completed, from which a rational fact finder could reasonably infer that they were fraudulently completed), and (b) Magistrate Judge Hummel is incorrect that Defendants' violation of DOCCS Directive No. 4933 (specifically, the Directive's requirement that the reviews be provided to the inmate in a timely fashion) cannot, and does not, constitute a violation of the Fourteenth Amendment; and (2) Plaintiff's Fourteenth Amendment due process claim based on the meaninglessness of his periodic administrative-segregation reviews should not be dismissed because Magistrate Judge Hummel ignores Plaintiff's record evidence that the reviews were "a sham, rote, perfunctory and a fraud" (most notably, the lack of the issuance of misbehavior reports to charge Plaintiff with some of the misconduct asserted in the reviews, and the above-referenced evidence that the reviews were fraudulently created and backdated). (Dkt. No. 103, at Points I-III.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation

---

Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).   Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id*.[4]

---

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

## III.  ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining portions of the Report-Recommendation.  Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only four points.

First, for the sake of brevity, the Court will assume that the arguments asserted in Plaintiff's Objections are not simply repetitions (albeit elaborations) of arguments that he made to Magistrate Judge Hummel, despite the indication to the contrary.  (*Compare* Dkt. No. 100, at 3-5 [Plf.'s Opp'n to Defs.' Cross-Motion] *with* Dkt. No. 15, at 3-14 [Plf.'s Objections].)

Second, the Court rejects the first argument in Plaintiff's Objections (i.e., regarding Magistrate Judge Hummel's findings and conclusions regarding Plaintiff's Fourteenth Amendment due process claim based on untimeliness) as unpersuasive. The Court notes that Defendants had no duty to provide the reviews in support of their previous motion to dismiss, and indeed would have been unable to do so unless they established that the reviews were incorporated by reference in (or integral to) Plaintiff's Second Amended Complaint.  Moreover, Plaintiff's tenacious reliance on the delays in the completion of the reviews, and on a purported

violation of a DOCCS directive, are to no avail.   The former is a mere speculation of fraud, and the latter is not a constitutional violation, as explained by Magistrate Judge Hummel.   (Dkt. No. 102, at 25.)

Third, the Court rejects the second argument in Plaintiff's Objections (i.e., regarding Magistrate Judge Hummel's findings and conclusions regarding Plaintiff's Fourteenth Amendment due process claim based on meaninglessness) as also unpersuasive.   The purported lack of issuance of some misbehavior reports, even if true, does not constitute a ground on which the Court may substitute its own judgment for that of Defendants.   Moreover, the Court has already dispensed with Plaintiff's argument that the reviews were fraudulently backdated.

Fourth, and finally, in the alternative, the Court finds that qualified immunity constitutes an alternative ground on which to base the dismissal of Plaintiff's claims for the reasons stated in Defendants' memorandum of law.   (Dkt. No. 96, at 10-11 [attaching pages "9" and "10" of Defs.' Memo. of Law].)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Hummel's Report-Recommendation (Dkt. No. 102) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 79) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for summary judgment (Dkt. No. 86) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 31) is **DISMISSED in its entirety.**

<u>The Court certifies that an appeal from this Decision and Order would not be taken in good faith</u>.

Dated: March 8, 2021
      Syracuse, New York

*Glenn T. Suddaby*
Chief U.S. District Judge